IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Conrad Burke, )
    Petitioner, )
)
v. ) 1:10cv1267 (LMB/JFA)
)
Gene Johnson, )
    Respondent. )

[Filed stamp: AUG 29 2011, CLERK, U.S. DISTRICT COURT, ALEXANDRIA, VIRGINIA]

## MEMORANDUM OPINION

Conrad Burke, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Burke was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply captioned "Motion to Response of Respondent Motion to Dismiss," as well as a Motion for Appointment of Counsel. For the reasons that follow, Burke's claims will be dismissed, and his Motion to Response of Respondent Motion to Dismiss and Motion for Appointment of Counsel will both be denied.[1]

### I. Background

On May 1, 2006, William Johnson was standing on the corner of Broad and Third Streets when a white Buick with North Carolina tags pulled over to the side of the road. See Va. Ct. App. at 3, ECF No. 9-1. Burke was driving, but he told Johnson that his name was Shawn Williams. Burke asked Johnson, who has walked with a cane since 2003, if he would do him a

---

[1] By Order dated August 23, 2011, counsel for the respondent was directed to make the necessary arrangements to ensure that the transcripts of the state criminal trial be forwarded to the Clerk's Office in Alexandria, Virginia. The transcripts were received and have been reviewed by this Court.

1

favor. Burke explained that he had done some work for his aunt and needed to go pick up a check. He told Johnson that he would give him twenty-five dollars for cashing the check. Id.

Johnson got into Burke's car, and Burke drove to Halifax Elementary School. Burke parked the vehicle and went inside the school, then returned to the vehicle and drove to BB&T Bank. When they arrived, Burke filled out the check in Johnson's presence and made it payable to Johnson, indicating in the memo portion that it was for "Labor." Johnson entered the bank and gave his identification to the teller in an attempt to cash the check. The teller asked Johnson to wait and went into the back office, at which point Burke entered the bank and sat down. Id. at 3.

The teller—Cheryl Booker—was concerned because the check was made out for $390 with "Labor" in the memo section, but it "didn't look like [Johnson] was in any shape to be doing any kind of work." Id. at 4. She called the owner of the check, Cynthia Hauck, to verify it. Id. at 3. Hauck was a teacher at Halifax Elementary School who had never met Johnson or Burke, never hired either of them to do work, and never gave either of them permission to sign her name to the check as payee. Id. at 3 n.1. When she received the call from the bank at around 2:00 PM informing her that someone was attempting to cash a check drawn from her account, she discovered that a check was missing from her checkbook. Id.

The teller returned and told Johnson she could not cash the check. Burke left the bank. When Johnson went outside, Burke and his vehicle were gone. Johnson admitted that he was going to sign his name on the back of the check if the teller had not refused to cash it, but he claimed he did not know the check was stolen and Burke had forged his name onto it. Id. at 3.

2

Johnson pled guilty to uttering and conspiracy to utter a forged check.[2] See Va. Ct. App. at 2, ECF No. 9-1.

On August 13, 2007 in the Circuit Court for the County of Halifax, Virginia, a jury convicted Burke of petit larceny, uttering a forged writing, conspiracy to utter a forged writing, and trespassing. Commonwealth v. Conrad Burke, Case Nos. CR06-322-00, CR06-322-02, CR06-322-06, CR06-322-07. The court sentenced him to fourteen years and twenty-four months incarceration. Burke pursued a direct appeal to the Court of Appeals of Virginia, arguing that (1) the trial court erred by allowing evidence of other crimes and allowing Investigator Clay to testify about Burke's statement regarding a visitor's badge, (2) the evidence was insufficient to convict him of conspiracy to commit uttering, and (3) the trial court erred by denying the post-trial motion for a mistrial based on the realization that two jurors knew a material witness in the case. One judge from the Court of Appeals denied the petition for appeal on December 16, 2008, and a three-judge panel from the Court of Appeals denied it on February 20, 2009. Conrad Alexander Burke v. Commonwealth, R. No. 1663-08-2, ECF No. 9-1. The Supreme Court of Virginia refused Burke's petition for appeal on September 10, 2009 and refused his petition for rehearing on November 13, 2009. Conrad Alexander Burke v. Commonwealth, R. No. 090520.

Burke then filed a petition for writ of habeas corpus in the Supreme Court of Virginia, arguing, that[3]

> (A) and (I): He was denied the effective assistance of counsel because appellate counsel failed to argue that the trial court erred by not suppressing out-of-court statements made by petitioner as petitioner had not been read his

---

[2] At Burke's trial, Johnson nevertheless denied any agreement existed between him and Burke to utter a forged check. He further explained that he did not believe he did anything wrong because "the check didn't get cashed." See Va. Ct. App. at 4, ECF No. 9-1.

[3] The claims are listed according to the letters used by Supreme Court of Virginia, and the language is substantially borrowed from the September 17, 2010 Order by the Supreme Court of Virginia.

3

Miranda rights and there was no evidence that the petitioner had waived his rights before making the statements.

(B), (W), (AA), and (BB): He was denied the effective assistance of counsel because counsel failed to properly advise petitioner on all the elements of conspiracy and what evidence the Commonwealth needed to present in order to obtain a conviction.

(C) and (N): He was denied the effective assistance of counsel because counsel failed to suppress a Nokia phone.

(D): The prosecutor failed to disclose evidence that could have been used to impeach Alicia Lacks, Donna Lauter, and Cheryl Booker.

(E): He was denied the effective assistance of counsel because counsel failed to object to a sentence enhancement, which was an additional fine, imposed by the court above the sentence handed down by the jury.

(F) and (Y): The prosecutor improperly vouched for the credibility of a witness when he told the jury it had to believe William Johnson.

(G) and (Z): Two jurors lied during voir dire about not knowing one of the witnesses in the case, and as a result, petitioner was unable to use his peremptory strikes to strike these two jurors.

(H)(portion): He was denied the effective assistance of counsel because counsel failed to interview and do background checks on two witnesses before trial in order to determine if their testimony would have been beneficial to petitioner's case.

(I) and portion of (H): He was denied the effective assistance of counsel because counsel failed to raise on appeal that the trial court erred by not granting a continuance so as to provide counsel time to consult with a witness.

(J) He was denied the effective assistance of counsel because counsel failed to request a cautionary instruction that evidence of William Johnson's guilty plea could not be used against petitioner at trial.

(K) He was denied the effective assistance of counsel because counsel failed to request that the trial judge recuse himself based on a comment that was made about credibility which showed the judge was biased against petitioner.

(L) and portion of (X): He was denied the effective assistance of counsel because counsel failed to object or ask for a curative instruction when the prosecutor stated, "[Counsel] said it best. [Petitioner] does best when he's behind bars."

(M): He was denied the effective assistance of counsel because counsel failed to object when the prosecutor vouched for the credibility of William Johnson by telling the jury, "You have to believe William Johnson."

(O): He was denied the effective assistance of counsel because counsel failed to contest the numerous interruptions that occurred when counsel visited petitioner in jail.

(P) : He was denied the effective assistance of counsel because counsel did not provide any statements when the court asked if counsel had any in support for his arguments at the mistrial hearing and at sentencing.

(Q): He was denied the effective assistance of counsel because counsel failed to raise on appeal that the uttering conviction was contrary to the law.

(R), (S), and (T): The prosecutor misrepresented the evidence presented at trial.

(U): The prosecutor lied during closing arguments when he stated petitioner admitted to being the one who took the items as petitioner never made any such confession, and he was denied the effective assistance of counsel because counsel failed to object to request a cautionary instruction to the prosecutor's remark that petitioner admitted to being the one who took the items.

(V): The prosecutor improperly elicited from a witness that petitioner was incarcerated.

(X): The prosecutor lied to the jury in order to obtain a conviction by saying during closing arguments that "[counsel] said it best his client does best behind bars."

The court refused the petition on September 17, 2010. See Conrad Burke v. Director, Department of Corrections, Case No. 100341.

On October 3, 2010, Burke filed the instant federal habeas petition,[4] raising the following claims:

(1) The prosecutor engaged in misconduct when he expressed his personal beliefs and opinions to the jury.

(2) The prosecutor engaged in misconduct when he vouched for its chief witness's credibility.

(3) (a) The prosecutor engaged in misconduct when he lied to the jury in saying Burke "admitted to taking those things," and (b) Burke's attorney was ineffective for failing to object to this statement.

---

[4] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In the petition, Burke states that he placed the petition in the prison mailing system on October 3, 2010.

5

(4) Burke's attorney provided ineffective assistance when he failed to advise Burke of "the true nature and elements of conspiracy."

(5) Burke's attorney provided ineffective assistance when he failed to suppress a Nokia phone that was illegally obtained.

(6) His Sixth Amendment right to a fair trial was violated because two jurors failed to answer questions during voir dire honestly and inform the courts that they knew a material witness.

(7) The prosecutors failed to disclose evidence that could be used to impeach its witnesses.

(8) The prosecutor engaged in misconduct when he said Burke's attorney said Burke "does best behind bars."

See Pet. at 5-10, 15-21 ECF No. 1.

## II. Procedural Default

Claims (1), (2), (3)(a), and (8) are barred from federal review as a result of the Supreme Court of Virginia's finding of procedural default. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Here, the Supreme Court of Virginia dismissed claims (1), (2), (3)(a), and (8) as defaulted pursuant to Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). See Va. Sup. Ct. Order dated Sept, 17, 2010, at 4, 9-11. The Fourth Circuit has held consistently that "the

6

procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Respondent raised the issue of procedural default in the Brief in Support of the Motion to Dismiss, and Burke was provided the opportunity to respond. See Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999) (finding a federal habeas court's sua sponte dismissal of procedurally defaulted claims permissible where petitioner is provided notice and an opportunity to argue against dismissal).

Burke argues that Slayton does not apply in his case because his trial counsel provided ineffective assistance, which could constitute cause for his procedural default and would then allow this Court to consider the merits of these claims. Mot. to Resp. at 6, ECF No. 11 ("Petitioner states that Slayton v. Parrigon has no place in his petition of [sic] writ of habeas corpus because trial counsel was not effective at trial..."); see Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (noting that an ineffective assistance of counsel claim can serve as cause to excuse a procedural default if the ineffective assistance claim itself was properly presented). However, as will be discussed, Burke cannot rely on the ineffectiveness of his counsel to excuse his procedural default because Burke's ineffective assistance claims are without merit. Burke has not made any argument as to how dismissing these claims as procedurally defaulted would result in a fundamental miscarriage of justice. Therefore, claims (1), (2), (3)(a), and (8) will be dismissed.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on

7

an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### IV. Analysis

A. Ineffective Assistance: Claims (3)(b), (4), and (5)

Burke argues counsel provided ineffective assistance when he (3)(b) failed to object to the prosecutor's statement that Burke had admitted to taking things, (4) failed to advise Burke of the true nature and elements of conspiracy, and (5) failed to suppress illegally obtained evidence. The Supreme Court of Virginia rejected these claims on the merits. Specifically, the Supreme Court of Virginia dismissed the claims as failing to satisfy the standard for ineffective assistance articulated in Strickland v. Washington, 466 U.S. 668 (1984). See Conrad Burke v. Director, Department of Corrections, Case No. 100341. In reviewing the state court's decision as to claims (3)(b), (4), and (5), Burke fails to show that the results were either contrary to, or an

8

unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts.

In claim (3)(b), Burke argues his attorney was ineffective because he failed to object to the prosecutor's statement that Burke had admitted to taking things. The Supreme Court of Virginia held that this claim failed to satisfy either the performance prong or the prejudice prong of the Strickland standard. Because the Supreme Court of Virginia explicitly relied on the Strickland standard to analyze Burke's claim, its decision was not contrary to federal law. See Williams, 529 U.S. at 413. The court's explanation also demonstrates that it reasonably applied the Strickland standard to the facts of Burke's case. Id. The court reasoned that

> The record, including the trial transcript, demonstrates the prosecutor never made any remarks during closing arguments that would have indicated petitioner confessed to committing the crimes. Counsel, therefore, was not ineffective for failing to raise a frivolous objection or request for a cautionary instruction. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonably probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

See Va. Sup. Ct. Order dated Sept, 17, 2010, at 10; see also Halifax Cir. Ct. Tr., Aug. 13, 2007, at 163-189. Burke has not provided clear and convincing evidence to demonstrate that the Supreme Court of Virginia's decision was based on an unreasonable determination of the facts. See Miller-El, 545 U.S. at 240. Therefore, claim (3)(b) will be dismissed.

In claim (4), Burke argues that his attorney was ineffective because he failed to advise Burke of the true nature and elements of conspiracy. The Supreme Court of Virginia again explicitly relied on the Strickland standard when analyzing this claim, so its decision was not contrary to federal law. See Williams, 529 U.S. at 413. The court held that this claim also failed to satisfy either prong of the Strickland standard, reasoning

> The record, including the affidavit of counsel, demonstrates that counsel reviewed all of the evidence with petitioner and advised petitioner on the elements of

9

> conspiracy. Furthermore, counsel advised petitioner to take the plea agreement offered by the Commonwealth, which was very favorable, but petitioner refused to take the plea. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

See Va. Sup. Ct. Order dated Sept, 17, 2010, at 2-3; see also Conrad Burke v. Director, Department of Corrections, Hunter Aff., Case No. 100341. This explanation demonstrates that the Supreme Court of Virginia's decision was a reasonable application of federal law. See Williams, 529 U.S. at 413. Again, Burke has not provided clear and convincing evidence to demonstrate that the Supreme Court of Virginia's decision was based on an unreasonable determination of the facts. See Miller-El, 545 U.S. at 240. Therefore, claim (4) will be dismissed.

In claim (5), Burke argues that his attorney was ineffective because he failed to suppress a Nokia phone that was allegedly illegally obtained. The Supreme Court of Virginia explicitly relied on Strickland to evaluate this claim, so its decision was not contrary to federal law. See Williams, 529 U.S. at 413. The held that Burke had failed to satisfy the prejudice prong of the Strickland standard because "[t]he record, including the trial transcript, demonstrates the phone was discovered during a search of petitioner and was found with other evidence of petitioner's crimes," and "[c]ounsel questioned the officer who testified that the phone belonged to petitioner's mother and was not stolen." See Va. Sup. Ct. Order dated Sept, 17, 2010, at 3; see also Halifax Cir. Ct. Tr., Aug. 13, 2007, at 110-13. Accordingly, Burke had failed to show that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. Id. This reasoning demonstrates that the Supreme Court of Virginia reasonably applied the Strickland standard to the facts of Burke's case. See Williams, 529 U.S. at 413. Because Burke has again not provided clear and convincing evidence to demonstrate that

the Supreme Court of Virginia's decision was based on an unreasonable determination of the facts, see Miller-El, 545 U.S. at 240, claim (5) will be dismissed.

B. Claim (6)

In claim (6), Burke argues that his Sixth Amendment right to a fair trial was violated because two jurors failed to answer questions during voir dire honestly and to inform the court that they knew David Canada, whom Burke classifies as a material witness, which prevented Burke from intelligently deciding whether to use his peremptory challenges on these two jurors. At a post-trial hearing, juror Angela Crews explained that she had not recalled knowing a person named "David Canada" when she was questioned during voir dire because she knew him by his nickname "Tall." See Va. Ct. App. at 6-7, ECF No. 9-1; Halifax Cir. Ct. Tr., Nov. 1, 2007, at 12-18. Kenneth Wilborne explained that the name "David Canada" did not mean anything to him when he was questioned during voir dire even though he knew Canada from playing softball and coaching a few games during which Canada had served as a referee. See Va. Ct. App. at 6-7, ECF No. 9-1; Halifax Cir. Ct. Tr., Nov. 1, 2007, at 19-22. The Court of Appeals of Virginia rejected this claim on the merits, and its reasoning is imputed to the Supreme Court of Virginia, which refused the appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Burke fails to show that this result was either contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts.

When analyzing Burke's claim, the Court of Appeals of Virginia explicitly relied on the two-part test for allegations of juror dishonesty during voir dire from McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548 (1984). The court explained that this test requires a litigant to "first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a

challenge for cause" in order to get a new trial. See Va. Ct. App. at 7, ECF No. 9-1 (citations omitted). The court also correctly noted that a criminal defendant has the right to demonstrate that a juror was actually biased, but held that the record supported the trial court's holding that these two jurors were impartial. Id. at 8-9. Because the court explicitly relied on the McDonough test to evaluate Burke's claim and also considered whether Burke had demonstrated that the jurors were actually biased, its decision was not contrary to federal law. See Williams, 529 U.S. at 413.

The Court of Appeals of Virginia also reasonably applied the test from McDonough to the facts of Burke's case. Specifically, the court noted that neither juror had intentionally given incorrect responses to questions during voir dire, and therefore held that the first McDonough requirement had not been satisfied. See Va. Ct. App. at 7, ECF No. 9-1; see also Billings v. Polk, 441 F.3d 238 (4th Cir. 2006) (applying McDonough in the appeal of a criminal case). Moreover, the court reasonably upheld the trial court's determination that both jurors had been impartial based in part on their statements at the post-trial hearing, when they testified that their verdicts were based on the Commonwealth's evidence and nothing else. Id. at 9; see also Billings, 441 F.3d at 245 (quoting Jones v. Cooper, 311 F.3d 306, 310 (4th Cir.2002) ("The McDonough test is not the exclusive test for determining whether a new trial is warranted: a showing that a juror was actually biased, regardless of whether the juror was truthful or deceitful, can also entitle a defendant to a new trial.")). Therefore, Court of Appeals of Virginia's decision was not an unreasonable application of federal law, and Burke has not provided clear and convincing evidence to demonstrate that the Court of Appeals of Virginia's decision was based on an unreasonable determination of the facts. See Miller-El, 545 U.S. at 240. Accordingly, claim (6) will be dismissed. Accord Rivera v. Illinois, 129 S.Ct. 1446, 1453, 1456 (2009) (recognizing that "there is no freestanding constitutional right to peremptory challenges" and

holding that due process only requires that a criminal defendant receive "a fair trial before an impartial and properly instructed jury, which [finds] him guilty of every element of the charged offense.").

B. Claim (7)

In claim (7), Burke argues that the prosecutors failed to disclose evidence that could be used to impeach their witnesses. The Supreme Court of Virginia held that this claim was "without merit" because Burke failed to "identify the existence of any impeachment evidence that the Commonwealth possessed but did not disclose." See Va. Sup. Ct. Order dated Sept, 17, 2010, at 3. Here, petitioner again fails to identify the existence of any such evidence. See Pet. at 20, ECF No. 1. Given that Burke has failed to provide any support for his allegations, claim (7) will be dismissed.

V. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 29th day of August 2011.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge